**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| P.B., | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:26-cv-1070-CDL-ALS |
| Warden, STEWART DETENTION CENTER, | : | |
| Respondents. | : | |

**ORDER**

On September 28, 2026, the Court received a Motion for the Appointment of Counsel filed by Petitioner along with Petitioner's Response to Respondents' Motion to Dismiss. (ECF Nos. 7-8). Less than two weeks later, the Court received a second Motion for the Appointment of Counsel from Petitioner (ECF No. 12), as well as a second Motion for an Extension of Time to File a Response to Respondents' Motion to Dismiss (ECF No. 11 *et seq*.). A second Response to Respondents' Motion to Dismiss was attached to Petitioner's second extension of time request. (*See* ECF No. 11-1).

For the reasons stated below, Petitioner's two Motions for the Appointment of Counsel (ECF Nos. 8, 12) are **DENIED**, and Petitioner's Motion for an Extension of Time (ECF No. 11 *et seq*.) is **DENIED IN PART** and **GRANTED IN PART**.

I. <u>MOTIONS FOR THE APPOINTMENT OF COUNSEL</u>

Generally, there is no right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel is only required in a habeas action if counsel is necessary for effective utilization of discovery

procedures or if an evidentiary hearing is required.[1] *See* R. Governing Section 2254 Cases in the U.S. Dist. Cts. 6(a), 8(c). Counsel may be appointed at any stage of the case when the "interests of justice" require it. 18 U.S.C. § 3006A(a)(2)(B). At this preliminary stage of the proceeding, the Court is not yet able to determine whether counsel will be necessary for discovery or whether an evidentiary hearing may be required.

Further, the interests of justice do not presently require the appointment of counsel. Petitioner sufficiently set forth his allegation such that the Court was able to act on them. (*See generally* ECF No. 1). Thus, appointment of counsel is not necessary at this time. Petitioner's Motions to Appoint Counsel (ECF Nos. 8, 12) are **DENIED**. If it becomes apparent later in these proceedings that counsel must be appointed for Petitioner, the Court, on its own motion, will secure legal counsel at that time. Consequently, there is no need for Petitioner to file additional requests for counsel.

## II. SECOND MOTION FOR AN EXTENSION OF TIME AND SECOND RESPONSE

On August 27, 2026, the Court issued an order which informed Petitioner of his right to file a Response to Respondents' Motion to Dismiss. (ECF No. 5). This made any Response that Petitioner intended to file due by September 28, 2026.[2]

On September 28, 2026, Petitioner's Response to Respondents' Motion to Dismiss was timely received by the Court. (ECF No. 7). On the same day, however, the Court also received Petitioner's first request for an extension of time to file his Response. (ECF No. 6). Based on its content – i.e., Petitioner's assertion that Stewart Detention Center holds

[1] Petitioner also filed a request for an evidentiary hearing. (*See* ECF Nos. 9, 13). The Court will address those motions in a separate order.

[2] *See* Fed. R. Civ. P 6(a)(1)(C) (stating when end of period falls on Saturday, Sunday or legal holiday, period continues to run until end of next day not Saturday, Sunday or legal holiday).

on to incoming and outgoing mail for well over ten working days – it appears that Petitioner simultaneously filed the extension request with his Response out of an abundance of caution. The next day, however, the Court granted Petitioner's extension of time request, and he was given an additional thirty (30) days to file his response. (ECF No. 10).

On October 9, 2026, the Court received Petitioner's second Motion for an Extension of Time to File a Response and Petitioner's second Response to Respondents' Motion to Dismiss. (ECF Nos. 11, 11-1). Given that Petitioner simultaneously filed a second Response, there is no for this Court to consider Petitioner's second motion for an extension of time. (*See* ECF Nos. 7, 11-1). Accordingly, Petitioner's second motion for an extension of time (ECF No. 11) is **DENIED IN PART** to the extent that it is duplicative however, it is **GRANTED IN PART** to the extent that it contains the most recent version of Petitioner's Response to Respondents' Motion to Dismiss (ECF No. 11-1). Petitioner's second filed response will be the operative response in these proceedings.[3] (ECF No. 11-1).

## CONCLUSION

For the reasons stated herein, Petitioner's two Motions for the Appointment of Counsel (ECF Nos. 8, 12) are **DENIED**. Petitioner's second Motion for an Extension of Time (ECF No. 11, *et seq.*) is **DENIED IN PART as DUPLICATIVE** and **GRANTED IN PART** to the extent that it attached the most recent version of Petitioner's Response to Respondents' Motion to Dismiss (*see* ECF No. 11-1).

**SO ORDERED**, this 21st day of October, 2026.

[3] A comparison of Petitioner's Response that was docketed on September 28, 2026 (ECF No. 7), with the Response that is attached to the second Motion for an Extension of Time (ECF No. 11-1) indicates that the two documents are virtually identical in content.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE